PER CURIAM.
Marlon Fleming was granted a belated appeal to address the summary denial of his latest motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm as to all issues addressed in the order. But, as the State concedes, a remand is necessary so that the trial court can address an overlooked portion of Fleming’s motion.
Fleming committed a number of crimes that were charged in four separate cases in the year 2000.[1] In 2001, Fleming entered negotiated pleas to resolve all four cases, resulting in a number of concurrent sentences, the longest of which are two sentences of 471.175 months in prison, with concurrent twenty-year firearm minimum mandatory terms.[2] In his motion, Fleming challenged three lesser twenty-year sentences on aggravated assault charges, claiming that they were illegal in that they *1257 each exceeded the statutory maximum (of five years in prison) for a third-degree felony.[3] In the order on appeal, the trial court granted relief as to one of the charges, reducing the sentence to five years, but did not address the claim with respect to the other two charges. On appeal, the State concedes that the trial court should have addressed the other two counts, noting that “to the extent that Appellant raised the same challenge to the sentences on counts five and six in case number 2000-CF-006410, that the trial court granted relief on [sic] in case 2000-CF-007495, the trial court should have granted the same relief in case number 2000-CF-006410.” We agree with the State that the trial court should have fully addressed Fleming’s argument, and remand with directions that the trial court address the overlooked sentences on the two remaining aggravated assault charges.
AFFIRMED; REMANDED WITH DIRECTIONS.
LAWSON, EVANDER and LAMBERT, JJ., concur.

. In case number 2000-CF-006410, the State charged Fleming with two counts of Robbery with a Firearm, four counts of Aggravated Assault with a Firearm, one count of Shooting at, within or into a Building, and four counts of Kidnapping with Intent to Commit a Felony. In case number 2000-CF-007495, the State charged Fleming with two counts of Robbery with a Firearm, and one count of Aggravated Assault with a Firearm. In case number 2000-CF-0I0324, the State charged Fleming with one count of Robbery with a Firearm, two counts of Aggravated Assault with a Firearm, one count of Grand Theft (Third Degree) of $10,000 or more, and one count of Grand Theft of a Firearm. In case number 2000-CF-0104I4, the State charged Fleming with one count of Robbery with a Firearm, one count of Aggravated Assault with a Firearm, one count of Grand Theft (Third-Degree) of $10,000 or more, and one count of Grand Theft of a Firearm.

. The longest sentences, imposed on the two Robbery with a Firearm charges in case number 2000-CF-006410, were not challenged in Fleming’s motion and will not be affected by the remand.

. Aggravated assault with a firearm pursuant to section 784.02l(l)(a), Florida Statutes (1999) is a third-degree felony punishable by five years in prison. See § 784.021, Fla. Stat. (1999); § 775.082, Fla. Stat. (1999). The offense could not be reclassified pursuant to section 775.087(1), Florida Statutes because use of a weapon was an essential element of the offense. See § 775.087(1), Fla. Stat. (1999).